UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE THOMAS,<br><br>                     Plaintiff,<br><br>v.<br><br>RICHARD V. SPENCER, NAVAL MEDICAL CENTER SAN DIEGO, et al.,<br><br>                    Defendants. | Case No.: 18-CV-1601-AJB-WVG<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT AND DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. Nos. 1 & 2) |

This matter is before the Court on the Court's review of Plaintiff's complaint, (Doc. No. 1). For the reasons set forth below, the Court **DISMISSES** Plaintiff's complaint and **DENIES** Plaintiff's IFP motion as moot.

### I. Motion to Proceed In Forma Pauperis (IFP)

Plaintiff moves to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See*

28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP pursuant to § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a.

Here, Plaintiff indicates that his average monthly income is $925.19 per month. (Doc. No. 2 at 2.) Plaintiff also indicates that his stepson and mother in law rely on him for support. (*Id.* at 3.) In addition, Plaintiff's monthly expenses total $3,450.27. (*Id.* at 5.) Based on the foregoing, the Court finds that Plaintiff's application demonstrates he is unable to pay the requisite fees and costs. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (stating that one need not be "absolutely destitute to enjoy the benefit of the [IFP] statute"). However, for the reasons set forth below, the Court **DENIES** Plaintiff's IFP motion as moot.

## II. Screening Pursuant to 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Though the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In order to survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[1] The filing fee includes the statutory fee of $350 and an administrative fee of $50. *See* 28 U.S.C. § 1914(a).

The Court has discretion to dismiss claims that fail to comply with Rule 8's requirement that claims be simple, concise, and direct. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citing Fed. R. Civ. P. 8(e)). The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim"). Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (citation omitted).

### III. Discussion

Rule 8 of the Federal Rules of Civil Procedure states a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is well settled that dismissal is proper where a complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant" *McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996), or where filings are confusing, conclusory, and unnecessarily voluminous. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (holding that dismissal of plaintiff's complaint was appropriate as it exceeded seventy pages in length, was confusing, conclusory, and not in compliance with Rule 8). Plaintiff's complaint is prolix as it spans 46 pages in length. In addition, it is unclear what causes of action Plaintiff is alleging due to Plaintiff's misunderstanding of multiple statues; disorganization; and lack of short, plain statements with legally relevant facts regarding how his civil rights were violated. In particular, Plaintiff misunderstands the meaning and purpose of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

A. <u>Title VII Claims</u>

Under Title VII of the Civil Rights Act of 1964, an unlawful employment practice

is the failure or refusal to hire, or discharging of "any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of an individual's immutable characteristics, such as their "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (2012). In addition, it is unlawful for an employer to "discriminate against any individual . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a) (2012). The subchapter in which section 2000e-3(a) falls under is subchapter VI of the Civil Rights chapter in the United States Code. Subchapter VI is dedicated to discrimination against an employee based on their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2, 3(a).

Here, Plaintiff's allegations in the complaint make no mention of any discrimination directed toward Plaintiff based on his race, color, religion, sex, or national origin. Based on the absence of any facts related to the type of discrimination laid out in Title VII, the Court is inclined to view Plaintiff's Title VII claims as irrelevant.

B. <u>State Causes of Action (42 U.S.C. §§ 1981, 1983)</u>

Under 42 U.S.C. § 1981, "all persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981 (2012). The purpose of section 1981 was "meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race." *Gratz v. Bollinger*, 539 U.S. 244, 276 n.23 (2003) (quoting *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295–96 (1976)).

Under 42 U.S.C. § 1983, an individual is provided with a cause of action when they have suffered a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (2012). Section 1983 is not itself a source of substantive rights, but "merely a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 & n.3 (1979). To state a claim

under section 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Dismissal of a section 1983 claim is proper "if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015) (citations omitted).

Here, Plaintiff only mentions section 1981 listed on the first page of his complaint as a cause of action and again as a reason for suing Defendants in the Introduction and Summary section of the complaint. (*See* Doc. No. 1 at 1, 2:12.) Plaintiff makes no additional reference to section 1981 in the complaint and does not allege facts that would trigger a section 1981 cause of action.

In regards to section 1983, Plaintiff is suing for the deprivation of his right to "report any wrong doing in which he had witnessed at the hands of management [,]" as well as his Weingarten Rights and "the rights of having to report to one First Line Supervisor . . . ." (*See* Doc. No. 1 at 41:21-28.) Plaintiff alleges his rights were deprived by various personnel employed by Naval Branch Health Clinic Kearny Mesa (formerly Tricare Outpatient Clinic Clairemont) and Naval Medical Center San Diego. (*See* Doc. No. 1.) Both employers are extensions of the Department of the Navy, a federal agency. Actions performed by a federal agency do not satisfy section 1983's "under color of state law" requirement. *See Naffe*, 789 F.3d at 1036 ("An individual acts under color of state law when he or she exercises power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Plaintiff's allegation of the deprivation of his Weingarten Rights may indicate that Plaintiff may have intended to sue Defendants under a Labor Statute, however, even if Plaintiff successfully alleged such cause of action, it would still not establish a section 1983 claim. Due to Plaintiff's lack of evidence regarding section 1981 and the failure to show that state actors deprived him of his Constitutional and/or federal rights, the Court sees Plaintiff's section 1981 and 1983 causes of action as immaterial.

### III. LEAVE TO AMEND

After reviewing Plaintiff's complaint, the Court **DISMISSES WITHOUT PREJUDICE** the Title VII and 42 U.S.C. § 1983 causes of action. However, the Court **DISMISSES WITH PREJUDICE** the 42 U.S.C. § 1981 cause of action. The Court grants Plaintiff leave to amend on issues regarding Title VII, 42 U.S.C. § 1983, the Whistleblowing Protection Act, falsifying documentation, and Weingarten Rights. The Court strongly urges Plaintiff to *clearly* and *concisely* state a claim for relief in the amended complaint, as laid out in Rule 8 of the Federal Rules of Civil Procedure.

### IV. CONCLUSION

The Court finds Plaintiff's complaint as inadequate with regards to the pleading requirements of the Federal Rules of Civil Procedure. In addition, Plaintiff has plead causes of action that remain unsupported by relevant facts. Thus, the Court **DISMISSES** Plaintiff's complaint. Due to the dismissal of Plaintiff's complaint, the Court **DENIES** Plaintiff's IFP application (Doc. No. 2) as moot. Plaintiff must file an **amended complaint** by **November 1, 2018**, along with a **new IFP application**. Additionally, claims that are **DISMISSED WITH PREJUDICE** should be omitted from further pleadings. Failure to file an amended complaint will result in dismissal of this action.

**IT IS SO ORDERED.**

Dated: October 4, 2018

Hon. Anthony J. Battaglia
United States District Judge