UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RUDIE THOMAS,

Plaintiff,

v.

GREGORY J. SLAVONIC, Acting
Secretary of the Navy et al.,

Defendants.

Case No.: 18-cv-1601-AJB-MSB

**ORDER GRANTING MOTION TO
DISMISS**

**(Doc. No. 87)**

Defendant, Acting Secretary of the Navy[1] ("Secretary"), moves to dismiss Plaintiff Rudie Thomas's ("Thomas") first amended complaint ("FAC") for lack of subject matter jurisdiction, failure to state a claim, insufficient service of process, and failure to comply with the requirements to make a "short and plain statement" under the Federal Rules of Civil Procedure. (Doc. No. 87.) For the reasons set forth, the Court **GRANTS** the Secretary's motion to dismiss.

## I.   BACKGROUND[2]

According to Thomas, during his employment as a Supply Technician at the Naval Medical Center in San Diego, California, from January 23, 2008 to November 27, 2017, he was a victim of discrimination, harassment, intimidation, retaliation, hostile work

---

[1] At this time, the Acting Secretary of the Navy is no longer Thomas B. Modly. The current Acting Secretary, Gregory J. Slavonic, is therefore substituted in this case. *See* Fed. R. Civ. P. 25(d).

[2] The following facts are from Thomas's FAC. (Doc. No. 4.)

1

environment, intentional emotional distress, falsifying of his time card and Safety Report, false accusations, and fabrication of a letter of reprimand and Standard Operating Procedures. He alleges that such harm stem from his decision in June 2013 to whistleblow against his supervisor, Leagaioalii C. Mapu, for improperly disposing of government property. In his FAC, Thomas recounted incidents involving various supervisors, coworkers, and Human Resources representatives, the named defendants in this case. With his FAC, Thomas brings five causes of actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, falsifying documentation, 42 U.S.C. § 1983, and the Whistleblower Protection Act.

## II.   LEGAL STANDARD

### A. <u>**Subject Matter Jurisdiction**</u>

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The party asserting subject matter jurisdiction has the burden of persuasion for establishing it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Where the party asserts a facial challenge, the court limits its inquiry to the allegations set forth in the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The court assumes plaintiff's "[factual] allegations to be true and draw[s] all reasonable inferences in [his] favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Where the party asserts a factual challenge, the court may consider extrinsic evidence demonstrating or refuting the existence of jurisdiction without converting the motion to dismiss into a motion for summary judgment. *Id.*

//

//

2

B. **Failure to State a Claim**

"To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heimrich v. Department of the Army*, 947 F.4d 574 (2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The complaint "does not need detailed factual allegations," but the plaintiff must provide more than "labels and conclusions" to withstand scrutiny under Rule 12(b)(6). *Twombly*, 550 U.S. at 555. In determining a motion to dismiss for failure to state a claim, a Court assumes plaintiff's factual allegations to be true and draws all reasonable inferences in his favor. *Wolfe*, 392 F.3d at 362.

### III.    DISCUSSION

A. **Subject Matter Jurisdiction**

The Secretary argues that this Court lacks subject matter jurisdiction over Thomas's third cause of action, the falsifying documentation claim, and his fifth cause of action, the Whistleblower Protection Act claim. (Doc. No. 87 at 13-14, 16-17.)[3] Having reviewed the amended complaint and attachments thereto, the Court agrees. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

1. **Falsifying Documentation Claim (Third Cause of Action)**

Thomas claims that his supervisor, Leagaioalii C. Mapu ("Mr. Mapu"), "alter[ed] a safety report, in which [sic] to circumvent the plaintiff['s] medical condition," and directed another employee "to have the plaintiff sign a blank Performance Appraisal." (Doc. No. 4 at 8, 11.) Thomas asserts these allegations in connection with his third cause of action, "falsifying documentation," which sounds in the tort claims of misrepresentation and deceit. (*Id.* at 19.) Federal employees, however, are immune from liability for tort claims

---

[3] The page citations in this order refer to the ECF-generated page numbers at the top of each document.

pursuant to the under the Federal Torts Claim Act (FTCA).[4] *M.J. v. United States*, 721 F.3d 1079, 1084 (9th Cir. 2013). As a supervisor for Naval Branch Health Clinic Kearny Mesa (formerly Tricare Outpatient Clinic Clairemont), Mr. Mapu is a federal employee. (Doc. No. 4 at 5-6.) Thomas does not allege any facts to suggest that Mr. Mapu was acting outside of his scope of employment as a federal employee. Thus, Mr. Mapu is immune from liability for the torts at issue. Consequently, the Court lacks subject matter jurisdiction over Thomas's falsifying documentation claim against Mr. Mapu. Accordingly, the Court **DISMISSES** Thomas's third cause of action.[5]

## 2. **Whistleblower Protection Act Claim (Fifth Cause of Action)**

Thomas claims that he was subjected to retaliation in violation of the Whistleblower Protection Act ("WPA"). The administrative exhaustion requirement for a WPA claim requires an aggrieved employee to file a formal complaint for adjudication with either the Office of Special Counsel ("OSC") or the Merit Systems Protection Board ("MSPB"). *Kerr v. Jewell*, 836 F.3d 1048, 1053 (9th Cir. 2016); 5 C.F.R. §§ 1209.2 (b)(1), 1209.5(a); 5 U.S.C.A. § 1214. In the FAC, Thomas does not allege facts to show that he filed any formal complaints for adjudication regarding his whistleblowing complaint with the OSC or MSPB. Thus, Thomas failed to satisfy the administrative exhaustion requirement for his WPA claims. Consequently, the Court lacks subject matter jurisdiction over WPA claims. Accordingly, the Court **DISMISSES** Thomas's fifth cause of action. The Court grants Thomas a final opportunity to plead facts to show exhaustion for his WPA claims.

---

[4] The only proper defendant for claims under the FTCA is the United States. 28 U.S.C. § 1346. Even if the United States was substituted in this case, however, both misrepresentation and deceit are intentional torts which is expressly excluded from the United States' waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h); *see also United States v. Dalm*, 494 U.S. 596, 608 (1990) ("Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") (internal quotations omitted).

[5] To the extent that Thomas is seeking to enforce a criminal statute related to falsifying documentation, his claim fails. Private citizens cannot bring criminal charges in civil court because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

B. **Failure to State a Claim**

Next, the Secretary argues Thomas's FAC fails to state a claim upon which relief may be granted because he does not allege membership of a protected class for purposes of his Title VII claims, and because he fails to state viable causes of action under 42 U.S.C. § 1983.

1. **Title VII Claims (First and Second Causes of Action)**

To litigate a Title VII claim pursuant to 42 USC § 2000e, a plaintiff must allege discrimination based on plaintiff's membership of a protected class: race, color, religion, sex, or national origin. 42 U.S.C. § 2000e. In the FAC, Thomas alleges various personnel discriminated against him for making a report against Mr. Mapu under the Whistleblower Protection Act. (Doc. No. 4 at 20.) Nowhere in the FAC, however, does Thomas specifically state that his discrimination was due to his membership in a protected class. And even if the Court found, based on certain documents attached to the FAC,[6] that Thomas is alleging discrimination based on his race, his Title VII claims appear to be time-barred. To pursue a Title VII employment discrimination claim, a plaintiff must first file a charge with the EEOC and thereafter may commence a civil action after receiving a "right-to-sue" notice. *See Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1847 (2019). "Whether or not the EEOC acts on the charge, a complainant is entitled to a 'right-to-sue' notice 180 days after the charge is filed." *Id.* And a plaintiff must have filed suit within 90 days of receiving such notice. *See* 42 U.S.C § 2000e-5(f).

Here, Thomas appears to have submitted a complaint to the EEOC in 2013. In order to have brought a civil action within the statute of limitations for his Title VII claims, Thomas should have filed suit within 90 days from when the EEOC gave him a "right-to-sue" notice. Thomas pled no facts to indicate that he never received such notice

---

[6] Materials submitted as part of the complaint are not "outside" the complaint and may be considered. *See Lee*, 250 F.3d at 688. An EEO report attached to his FAC details, "[Thomas] feels that his first-line supervisor, Leagaioalii "Coco" Mapu, has been discriminating against him based on race (African American), color (black) and sex (male) by harassing him at work." (Doc. No. at 184).

5

or that he took any action upon receipt thereof. It therefore appears that his Title VII claims expired approximately six years ago and are therefore barred by the statute of limitations. *See* 42 U.S.C § 2000e-5(f). Accordingly, the Court **DISMISSES** his Title VII claims (the first and second causes of action in the FAC). The Court grants Thomas a final opportunity to amend his complaint to show that these claims are not time-barred. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (noting that dismissal may be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled").

### 2.  **42 U.S.C. § 1983 (Fourth Cause of Action)**

The Secretary additionally asserts that Thomas's FAC fails to state a claim under 42 U.S.C. § 1983. A section 1983 claim requires a plaintiff to allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the violation was committed by a person acting under color of *state* law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Dismissal of a section 1983 claim is proper "if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015) (citations omitted).

Despite the Court previously finding that his section 1983 claims do not satisfy the "under color of state law" element, Thomas still alleged no facts in his FAC to show that the various federal personnel referenced in his FAC acted under the color of state law, as required under 42 U.S.C. § 1983. (Doc. Nos. 3 at 4-5; 4 at 22). Rather, the FAC involves allegations concerning Thomas's employment by the United States Navy, a federal entity, and incidents involving his supervisor and co-workers, federal employees. No facts suggest that any federal employee was acting under state law. Because federal employees acting pursuant to federal law are not acting under the color of state law, Thomas has again failed to state a cognizable section 1983 claim. *See Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995); *Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981). Thus, the Court **DISMISSES** Thomas's fourth cause of action.

//

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** the Secretary's motion to dismiss the FAC.[7] (Doc. No. 87.) As the Court has previously granted Thomas leave to amend his complaint, the Court **DIMISSES**, without leave to amend, the third and fourth causes of action, the falsifying documentation claim and section 1983 claims, respectively.

The Court **DISMISSES**, with leave to amend, the first and second causes of action, the Title VII claims, and his fifth cause of action, the Whistleblower Protection Act Claim. The Court affords Thomas <u>a final opportunity</u> to amend only these claims and is **DIRECTED** to plead facts sufficient for relief and address the deficiencies referenced in this Order. *See supra* §§ III.A.2, III.B.1. The amended complaint may be filed <u>on or before December 11, 2020</u>. Failure to do so will result in dismissal of this case. Lastly, as the proper defendant in a Title VII action is "the head of the department, agency, or unit, as appropriate," 42 U.S.C. § 2000e-16(c), the Court dismisses the Title VII claims against the individual federal employees named in this case. *See Carlson v. Veneman*, No. C 01-1410 MMC, 2002 WL 413807, at *1 (N.D. Cal. Mar. 12, 2002) ("Title VII requires that in a civil action alleging employment discrimination by the government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant."); *accord Toro v. Napolitano*, No. 12-CV-2804-IEG WVG, 2013 WL 4102158, at *3 (S.D. Cal. Aug. 13, 2013); *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *2 (E.D. Cal. Nov. 8, 2005).

**IT IS SO ORDERED.**

Dated:  November 23, 2020

Hon. Anthony J. Battaglia
United States District Judge

---

[7] As the Court grants the Secretary's motion to dismiss on other grounds, it need not consider the Secretary's Federal Rule of Civil Procedure 8 and insufficient service of process arguments.

7

18-cv-1601-AJB-MSB